UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| JOHN LONDON<br><br>    Plaintiff,<br><br>vs.<br><br>ENHANCED RECOVERY COMPANY, LLC<br><br>    Defendant, | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

JOHN LONDON, ("Plaintiff"), through the undersigned counsel, ALEX SIMANOVSKY & ASSOCIATES, LLC, alleges the following against ENHANCED RECOVERY COMPANY, LLC, ("Defendant"):

### *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, John London, an individual consumer, against Defendant, Enhanced Recovery, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III. PARTIES

3. Plaintiff, John London, is a natural person with a permanent residence in Alpharetta, Fulton County, Georgia 30022.

4. Upon information and belief, the Defendant, *Enhanced* Recovery Company, LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 8014 Bayberry, Duval County, Florida 32256. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. *FACTUAL ALLEGATIONS*

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, continued to contact Plaintiff after being informed that Plaintiff is not the alleged debtor that Defendant is trying to locate.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff numerous times and with such frequency as to harass and abuse the Plaintiff.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by continuing to harass Plaintiff after being informed that he is not the alleged debtor that Defendant is trying to locate.

## *V. CLAIM FOR RELIEF*

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692b(3)* of the FDCPA by calling a third party to the debt more than once without being requested to do so by the third party and without the reasonable belief that an earlier response from the third party was erroneous or incomplete and that now the third party has correct or complete location information; and

    (b) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

    (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

    (e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, John London, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

3

**WHEREFORE**, Plaintiff JOHN LONDON respectfully requests that judgment be entered against Defendant, Enhanced Recovery Company, LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, JOHN LONDON, demands trial by jury in this action.

This 14th day of June, 2013.

ALEX SIMANOVSKY & ASSOCIATES LLC

*/s/ Alex Simanovsky*
Alex Simanovsky, Esq.
GA Bar No. 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road
Suite 300
Atlanta, GA 30345
(770) 414-1002
alex@fdcpalawyeronline.com

*Attorney for Plaintiff*